UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| APEX ENERGY GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00438-JMS-DKL |
| | ) | |
| BOILERMAKER WINDOWS LLC AND DANIEL SCHWEIHS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On March 16, 2015, Plaintiff Apex Energy Group, LLC ("Apex") filed a Complaint against Defendants Boilermaker Windows LLC ("Boilermaker") and Daniel Schweihs, alleging that this Court has diversity jurisdiction over this matter. [Filing No. 1 at 2.] Based on Apex's allegations, the Court cannot determine whether it has diversity jurisdiction for the reasons detailed below.

Specifically, as to citizenship Apex alleges only that it is a "limited liability company in good standing under the laws of the State of Indiana" and that Boilermaker is "a limited liability company formed under the laws of the State of Indiana." [Filing No. 1 at 1-2.] These allegations are insufficient to properly allege the citizenship of Apex and Boilermaker. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l,* 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007). In order to invoke this Court's diversity jurisdiction, Apex must identify, and provide the

citizenship of, each of Apex's and Boilermaker's limited and general partners, traced down to the lowest layer.

Additionally, Apex alleges "[u]pon information and belief" that Defendant Daniel Schweihs is a citizen of Virginia. [Filing No. 1 at 2.] Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. See *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"). Apex must allege Mr. Schweihs' citizenship based on its personal knowledge in order for the Court to determine whether it has diversity jurisdiction over this matter.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court **ORDERS** Apex to file an Amended Complaint by **April 3, 2015**, which properly sets forth the basis for this Court's diversity jurisdiction – including the citizenship of Apex, Boilermaker, and Mr. Schweihs as detailed above. Defendants need not answer or otherwise respond to the Complaint.

Date: March 20, 2015

*Hon. Jane Magnus-Stinson, Judge*
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**